IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**AMBROSIO VILLALOBOS,**

      **Plaintiff,**

v.   No. CV 11–854 LAM

**CAROLYN W. COLVIN,**[1] Commissioner
of the Social Security Administration,

      **Defendant.**

# ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA FEES

**THIS MATTER** is before the Court on Plaintiff's *Motion for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 31)*, filed November 18, 2013. A memorandum in support of the motion is attached to the motion. [*Doc. 31-1*]. In the motion, Julie L. Glover, Plaintiff's appellate counsel, states that Plaintiff claims attorney fees in the amount of **$8,660.68** and costs in the amount of **$203.61**, which were incurred in conjunction with Plaintiff's successful appeal to the Tenth Circuit Court of Appeals. [*Doc. 31* at 1].[2] Plaintiff states that these fees should be paid under the Equal Access to Justice Act (hereinafter, "EAJA") at 28 U.S.C. § 2412(d).  *Id.*   While Plaintiff states in the motion that counsel for Defendant objects to the amount of attorney fees requested (*see Doc. 31* at 2), Defendant did not file a response to the motion, which constitutes consent to grant the motion pursuant to Local Rule 7.1(b).

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Ms. Colvin, who is the new Commissioner of the Social Security Administration, was automatically substituted as the named defendant in this case in place of the former Commissioner, Michael J. Astrue.

[2] Plaintiff's district court counsel also filed a motion for attorney fees (*Doc. 32*), which the Court will address in a separate order.

Nevertheless, the Court must look at the merits of the motion. Plaintiff filed a notice of completion of briefing on December 20, 2013. [*Doc. 34*]. Having considered the motion, record in this case, and relevant law, the Court **FINDS** that the motion should be **GRANTED**.

EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). Here, since Defendant did not file a response to the motion, it does not appear that the parties dispute that EAJA provides for an award of attorney fees to Plaintiff's appellate counsel. According to Plaintiff's statement in his motion, the Commissioner objects to the amount of attorney fees requested (s*ee Doc. 31* at 2); however, the Court does not know why the Commissioner objects to the amount of requested fees. EAJA allows the Court "in its discretion, [to] reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C); *see also* 28 U.S.C. § 2412(d)(2)(D) (precluding the award of fees or expenses "to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings"). The Commissioner makes no showing, and the Court finds no evidence, that Plaintiff engaged in conduct that unduly or unreasonably protracted the final resolution of this matter. The Court, therefore, finds that Plaintiff's motion for attorney fees should be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 31)* is **GRANTED**, and Plaintiff is

authorized to receive attorney fees in the amount of **$8,660.68** and costs in the amount of **$203.61** for payment to his attorney.

**IT IS FURTHER ORDERED** that, if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, he shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner:  Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." ) (citation, internal brackets and quotation marks omitted).

**IT IS SO ORDERED**.

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**