IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**AMBROSIO VILLALOBOS,**

      **Plaintiff,**

v.                                                                          **No. CV 11–854 LAM**

**CAROLYN W. COLVIN,**[1] **Commissioner**
**of the Social Security Administration,**

      **Defendant.**

## ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA FEES

**THIS MATTER** is before the Court on Plaintiff's *Motion for Attorney Fees Under Equal Access to Justice Act, With Supporting Memorandum* (*Doc. 32*), filed December 2, 2013. Defendant filed a response in opposition to the motion on December 19, 2013 (*Doc. 33*), and Plaintiff filed a reply and notice of completion of briefing on December 27, 2013 (*Docs. 35* and *36*). In the motion, Feliz M. Martone, Plaintiff's counsel in his case before this Court, states that Plaintiff asks the Court to award him attorney fees in the amount of **$3,972.60** as authorized by the Equal Access to Justice Act (hereinafter, "EAJA") at 28 U.S.C. § 2412(d). [*Doc. 32* at 1].[2] The Commissioner opposes the motion because she asserts that her position was substantially justified. [*Doc. 33* at 1]. Having considered the motion, response, reply, record in this case, and relevant law, the Court **FINDS** that the motion should be **GRANTED**.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Ms. Colvin, who is the new Commissioner of the Social Security Administration, was automatically substituted as the named defendant in this case in place of the former Commissioner, Michael J. Astrue.

[2] Plaintiff's appellate counsel filed a separate motion for attorney's fees under EAJA (*Doc. 31*), which the Court will address in a separate order.

EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust.  28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).   Here, the parties do not dispute that Plaintiff is a prevailing party or that no special circumstances would make the award unjust; rather, they disagree about whether the position of the Commissioner was substantially justified.  The Commissioner bears the burden of showing that her position was substantially justified.  *Hackett*, 475 F.3d at 1172.  "The test for substantial justification in this circuit is one of reasonableness in law and fact."  *Id.* (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)).   The Commissioner must show that her position was "justified to a degree that could satisfy a reasonable person."  *Hackett*, 475 F.3d at 1172 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  A court's remand order does not mean, *ipso facto*, that the Commissioner's position was not substantially justified; that is, her "position can be justified even though it is not correct."  *Hackett*, 475 F.3d at 1172 (quoting *Pierce*, 487 U.S. at 566, n.2).  In addition, where the Commissioner prevails on most issues before the district court, the Court can still find that the Commissioner "acted unreasonably in denying benefits at the administrative level."  *Hackett*, 475 F.3d at 1174, n.1.

In this case, this Court entered a ***Memorandum Opinion and Order*** *(Doc. 23)* affirming the Commissioner's decision to deny Plaintiff's applications for Disability Insurance Benefits and Social Security Income.  That order addressed the issues raised in Plaintiff's ***Motion to Reverse and Remand for a Rehearing, With Supporting Memorandum*** *(Doc. 17)*, which were that: (1) the Administrative Law Judge (hereinafter "ALJ") failed to include all of Plaintiff's limitations in her residual functional capacity (hereinafter "RFC") finding and failed to develop the record

2

with regard to those limitations; (2) the ALJ failed to determine the physical and mental demands of Plaintiff's past work; and (3) the ALJ erred in eliciting testimony from the vocational expert (hereinafter "VE") without first reviewing Plaintiff's past work functions, age, education, and all of Plaintiff's restrictions. [*Doc. 23* at 8-14]; [*Doc. 23* at 7-17]. The Court found that Plaintiff's claims were without merit. *See* [*Doc. 17* at 10, 11, 13, 15 and 17]. With regard to Plaintiff's claims relating to his past relevant work, the Court first considered Plaintiff's claims that the ALJ erred by failing to make findings or question Plaintiff about his past relevant work. *Id.* at 13. The Court found that the ALJ did not err by failing to ask Plaintiff about the specific duties of his past work because the ALJ found that Plaintiff could perform his past work as it is generally performed in the national economy, and the Court distinguished the holding of *Winfrey v. Chater*, 92 F.3d 1017, 1023-25 (10th Cir. 1996), which held that an ALJ must make a specific inquiry into and findings regarding the physical and mental demands of the claimant's past relevant work, because the ALJ in this case did not make a finding of a mental impairment. *Id.* at 14. The Court next considered Plaintiff's contention that the ALJ erred by relying on the testimony of the VE, and found that the ALJ did not err for this reason because the VE considered Plaintiff's medically-established limitations and how those limitations may affect Plaintiff's past relevant work. *Id.* at 14-15 (relying on *Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003), which held that the ALJ properly relied on the VE's testimony in support of the ALJ's findings at phases two and three of step four, and *Zaricor-Ritchie v. Astrue*, No. 11-5074, 452 Fed. Appx. 817, 825, 2011 WL 6243216 (10th Cir. Dec. 15, 2011) (unpublished), which upheld the ALJ's step-four finding wherein he relied on the VE's testimony which was based on the claimant's past relevant work as described in the Dictionary of Occupational Titles).

On appeal of this Court's decision, the Tenth Circuit upheld the Court's findings regarding the ALJ's RFC determination, but found that the ALJ erred by failing to make findings on the physical and mental demands of Plaintiff's past relevant work, so the Tenth Circuit reversed and remanded the case for further findings. [*Doc. 37-1* at 2 and 8-9]. Specifically, the Tenth Circuit cited *Winfrey* for its holding that the ALJ has an obligation to determine the physical and mental demands of past relevant work, and found that, "[t]hough the [ALJ] obtained evidence about the job demands, she did not make findings on the subject." [*Doc. 37-1* at 9]. The Tenth Circuit stated that even though the ALJ noted the VE's testimony that Plaintiff could perform his past jobs, and stated that Plaintiff could perform his past jobs as they had generally been performed, the ALJ had to make findings on the physical and mental demands of Plaintiff's past jobs. *Id.* On that basis, the Tenth Circuit reversed and remanded with instructions to make findings on the demands of Plaintiff's past relevant work and to reassess Plaintiff's ability to perform his past relevant work. *Id.*

The Commissioner contends that her position was substantially justified because it was reasonable for her to rely on the unpublished case of *Burk v. Astrue*, No. 11-5138, 493 Fed. Appx. 913, 917, 2012 WL 3156313 (10th Cir. Aug. 6, 2012) (unpublished), for the proposition that the ALJ need only issue findings with respect to elements of a claimant's past work that are relevant to the limitations contained in the RFC assessment. [*Doc. 33* at 2]. The Commissioner states that, because the ALJ did not find that Plaintiff had any physical or mental limitations, the Commissioner was substantially justified in distinguishing the holdings of *Winfrey* and *Frantz v. Astrue*, 509 F.3d 1299, 1304 (10th Cir. 2007) relied upon by Plaintiff, wherein the ALJs in those cases found that the claimants had severe mental impairments but did not develop any evidence

4

regarding the mental demands of their past relevant work, either as the claimants performed it or as it is typically performed in the national economy. *Id.* The Commissioner further contends that her position was substantially justified because the ALJ was entitled to rely on the VE's testimony that Plaintiff, despite his impairments, could perform his past work, pursuant to the holdings in *Doyal* and *Zaricor-Ritchie*. *Id.* at 3. Plaintiff, on the other hand, contends in his reply that the Commissioner's position was not substantially justified because the Tenth Circuit found that the ALJ failed to make findings on the demands of Plaintiff's past relevant work, as required by the holding in *Winfrey*, which constituted error. [*Doc. 35* at 1].

The Court finds that the Commissioner's position was not substantially justified because the ALJ did not follow the holding in *Winfrey* which required the ALJ to make independent findings on the demands of Plaintiff's past relevant work. While the holdings in *Doyal*, *Zaricor-Ritchie*, and *Burk* appear to allow an ALJ to rely on the testimony of a VE in support of the ALJ's findings regarding a claimant's past relevant work, none of those cases overturned the holding in *Winfrey*, which requires the ALJ to make independent findings regarding the claimant's ability to perform his past relevant work. Therefore, the ALJ was required to follow *Winfrey* and make independent findings regarding Plaintiff's past relevant work, and the ALJ's reliance on the VE's testimony at this step without making those independent findings was improper. Moreover, the Court notes that the Commissioner did not rely on *Burk* in her response to Plaintiff's motion to reverse or remand before this Court, but instead cited *Burk* on appeal to the Tenth Circuit, and the issue before the Court is whether to award fees to Plaintiff's counsel appearing before this Court, not the Tenth Circuit. *Compare* [*Doc. 18* at 9-10] (the Commissioner's response to Plaintiffs motion to reverse or remand, which does not cite to *Burk*) *with* [*Doc. 33-1*] (the Commissioner's

brief before the Tenth Circuit, citing *Burk*). As the Tenth Circuit explained in *Hackett*, "EAJA fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." 475 F.3d at 1174 (citation and internal quotation marks omitted). Thus, the Court finds that the Commissioner's position was not substantially justified because the ALJ did not make independent findings on Plaintiff's past relevant work, so fees are warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Attorney Fees Under Equal Access to Justice Act, With Supporting Memorandum (Doc. 32)* is **GRANTED**, and Plaintiff is authorized to receive **$3,972.60** in attorney fees for payment to his attorney for services before this Court.

**IT IS FURTHER ORDERED** that, if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, he shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." ) (citation, internal brackets and quotation marks omitted).

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**